```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

SLOAN L. SHOCK,                    )
                                   )
          Plaintiff,               )
                                   )
v.                                 )  Case No. CIV-15-281-JHP-KEW
                                   )
NANCY A. BERRYHILL, Acting         )
Commissioner of Social             )
Security Administration,           )
                                   )
          Defendant.               )
```

**FINDINGS AND RECOMMENDATION**

This matter comes before the Court on Claimant's Motion and Application for an Attorney Fee Under the Equal Access to Justice Act (Docket Entry #24). By Order entered March 16, 2017, United States District Judge James Payne who presides over this case referred the subject Motion to the undersigned for the entry of Findings and a Recommendation. By Order and Judgment entered September 27, 2017, Judge Payne reversed the decision of the Commissioner to deny Claimant's applications for disability benefits under Title II and for supplemental security income under Title XVI of the Social Security Act and remanded the case for further proceedings.

In the Motion, Claimant seeks attorney's fees for 13.75 hours of time expended by his attorney at the stipulated fee rate and 14.85 hours for counsel's paralegal for a total request of $3,880.25 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner contests the award of EAJA fees, contending that her position was substantially justified.

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). With respect to EAJA applications in Social Security cases, Defendant has the burden of showing that her position was substantially justified. Hadden v. Bowen, 851 F.2d 1266, 1267 (10th Cir. 1988). Defendant must prove that, even if her position is incorrect, her case had a reasonable basis in law and in fact. Id. To establish substantial justification, Defendant must show that there is a genuine dispute and that reasonable people could differ concerning the propriety of a particular agency action. Pierce v. Underwood, 487 U.S. 552, 565 (1987). The government's "position can be justified even though it is not correct . . . and it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct . . . ." Id. at 566 n.2.

This case was reversed and remanded on the failure of the ALJ to address Claimant's mental limitations found by the mental health professionals who evaluated Claimant. Defendant contends the ALJ's position was substantially justified in finding Claimant could perform detailed work in spite of the opinions of the mental health professionals to the contrary, recognizing the ALJ "could have been more precise with respect to the opinions." This Court cannot conclude that the inconsistency in accepting the portions of the

opinion evidence which supported a finding of non-disability while failing to address other parts of the opinions which do not support such a finding is substantially justified. This Court also rejects that the omissions by the ALJ represented harmless error considering the crucial effect of Claimant's mental restrictions upon the RFC. This Court concludes Defendant's position in this litigation was not substantially justified and Claimant's request for reimbursement of fees is reasonable.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Claimant's Motion and Application for an Attorney Fee Under the Equal Access to Justice Act (Docket Entry #24) be **GRANTED** and that the Government be ordered to pay Claimant's attorney's fees in the total amount of $3,880.25.

IT IS FURTHER RECOMMENDED that, in accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Claimant as the prevailing party and not directly to Claimant's counsel. Manning v. Astrue, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Claimant's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Claimant. Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within

fourteen (14) days will preclude appellate review of this decision by the District Court based on the findings made herein.

IT IS SO ORDERED this 22nd day of May, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE